# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| THERESA HUDSON, | * | |
| as personal representative, | * | No. 13-977V |
| of the estate of JACKIE HUDSON, | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | |
| | * | Filed: April 27, 2015 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza ("flu") vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré syndrome ("GBS"); |
| | * | attorneys' fees and costs. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Verne E. Paradie , Jr.</u>, Paradie Sherman Walker and Worden, Lewiston, ME, for Petitioner;
<u>Traci R. Patton</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On April 8, 2015, the parties filed a joint stipulation concerning the petition for compensation filed by Theresa Hudson as the personal representative of the estate of Jackie Hudson, deceased, on December 11, 2013. In her petition, petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Mr. Hudson received on September 24, 2012, caused him to suffer Guillain-Barré Syndrome ("GBS"). Mr. Hudson passed away on April 4, 2013. Petitioner does not allege that Mr. Hudson's death was the sequela of his alleged vaccine-related injury. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Hudson's behalf as a result of his alleged condition or his death.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the influenza vaccine caused petitioner to suffer GBS or any other injury, or his death.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $177,000.00 in the form of a check payable to petitioner, Theresa Hudson, as legal representative of the estate of Jackie Hudson. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

b. **A lump sum of $8,713.25 in the form of a check payable jointly to petitioner and petitioner's attorney, Verne E. Paradie, Jr., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  In compliance with General Order #9, petitioner represents that she incurred no out-of-pocket litigation expenses in proceeding on the petition.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-977V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| THERESA HUDSON, as personal representative of the estate of JACKIE HUDSON, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 13-977V <br> Special Master Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Theresa Hudson ("petitioner"), as the personal representative of the estate of Jackie Hudson ("Mr. Hudson"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Hudson's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Hudson received the flu vaccine on September 24, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Hudson suffered Guillain-Barré Syndrome ("GBS"). Mr. Hudson passed away on April 4, 2013. Petitioner does not allege that Mr. Hudson's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Hudson as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Hudson's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $177,000.00 in the form of a check payable to petitioner, as legal representative of the estate of Jackie Hudson. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b. A lump sum of $8,713.25 in the form of a check payable jointly to petitioner and petitioner's attorney, Verne E. Paradie, Jr., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner represents that she incurred no out-of-pocket litigation expenses in proceeding on the petition.

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the estate of Jackie Hudson under

2

the laws of the State of Maine. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the estate of Jackie Hudson. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Jackie Hudson at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Jackie Hudson upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity, and as the personal representative of the estate of Jackie Hudson, on behalf of the estate's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Hudson resulting from, or alleged to have resulted from, the flu vaccine administered on September 24, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about December 11, 2013, in the United States Court of Federal Claims as petition No. 13-977V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Hudson's alleged GBS, any other injury, or his death.

16. All rights and obligations of petitioner in her capacity as the personal representative of the estate of Jackie Hudson shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_____
THERESA HUDSON

ATTORNEY OF RECORD FOR PETITIONER:

_____
VERNE E. PARADIE, JR.
PARADIE, SHERMAN, WALKER & WORDEN
11 Lisbon Street
Suite 202
Lewiston, ME 04242
Tel: (207) 344-9362

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

_____
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

_____
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

DATE: Apr. 8, 2015

5